LAW OFFICES OF SCOTT L. TEDMON
A Professional Corporation
SCOTT L. TEDMON, CA. BAR # 96171
980 Ninth Street, 16th Floor
Sacramento, California 95814
Telephone: (916) 449-9985
Facsimile:  (916) 446-7104
Email: tedmonlaw@comcast.net

Attorney for Defendant
CHARLES HEAD

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>    vs.<br><br>CHARLES HEAD, et al.,<br><br>         Defendants. | CASE NO.  2:08-CR-00116-KJM<br><br>**CHARLES HEAD'S<br>TRIAL BRIEF**<br><br>Date:   October 21, 2013<br>Time:   9:00 a.m.<br>Judge:  Honorable Kimberly J. Mueller |

Defendant, CHARLES HEAD, by and through undersigned counsel, submits his trial brief.

**I.    CHARGED OFFENSES RE: CHARLES HEAD**

**A.   Conspiracy (18 U.S.C. § 1349)**

Charles Head is proceeding to trial with two co-defendants, namely Benjamin Budoff and Domonic McCarns, on the Superseding Indictment filed February 11, 2010. (Docket 153.) Charles Head, Benjamin Budoff, and Domonic McCarns are charged in Count One with conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349. The government has alleged a scheme to defraud wherein Charles Head, Benjamin Budoff,

Charles Head's Trial Brief                                                              Case No. 2:08-CR-00116-KJM
1

Domonic McCarns, and others knowingly combined, conspired, and agreed with each other to commit mail fraud.

In summary, the Superseding Indictment alleges beginning at a date no later than on or about March 19, 2005, and continuing to at least June 30, 2006, in the Eastern District of California and elsewhere, the defendants conspired to target homeowners in financial distress, then victimize the homeowner by making false representations and promises to the homeowner, using straw buyers to obtain title in order to gain control of the property, and then steal any equity that existed in the home.  The government alleges the defendants also received "rental" payments from the homeowners as part of the scheme.  Charles Head, Benjamin Budoff, and Domonic McCarns have each pleaded not guilty to Count One.

**B.   Mail Fraud (18 U.S.C. § 1341)**

Charles Head is charged in Counts Two, Three, and Four with mail fraud  in violation of 18 U.S.C.§ 1341.  Each individual mail fraud count relates to a particular transaction. The factual allegations for each of these substantive counts are similar to those set forth in the conspiracy alleged in Count One.  Co-defendants Benjamin Budoff and Domonic McCarns are not charged in any of the substantive counts of mail fraud alleged in the Superseding Indictment.  Charles Head has pleaded not guilty to Counts Two, Three, and Four.

**II.   THEORY OF THE DEFENSE**

The defense will establish that Charles Head did not knowingly and intentionally combine, conspire, and agree to commit mail fraud.  The defense will establish that Charles Head did not have the requisite specific intent to commit mail fraud.

**III.   MOTIONS IN LIMINE**

The government, Charles Head, Benjamin Budoff, and Domonic McCarns have filed their motions in limine and each has filed their respective responses.  The hearing on motions in limine is set for Wednesday, October 16, 2013 at 2:00 p.m.

### IV.   CHARLES HEAD'S MOTION TO SEVER

On October 6, 2013, Charles Head filed a motion to sever his trial from that of co-defendants Benjamin Budoff and Domonic McCarns. After reviewing the recently filed motions in limine of his co-defendants, Mr. Head contends that Budoff and McCarns intend to present defenses that are antagonistic to Head. Given this fact, Mr. Head argues if he were to proceed to trial with Budoff and McCarns, his Sixth Amendment right to a fair trial would be violated. Mr. Head's motion to sever is set for hearing on October 16, 2013 at 9:00 a.m. An opposition has been filed by the government. As of this date, co-defendants Budoff and McCarns have not filed an opposition or joinder.

### V.   OTHER ISSUES WHICH MAY ARISE AT TRIAL

**A.  Stipulations**

1. It is anticipated the government, Charles Head, Benjamin Budoff, and Domonic McCarns will enter into a stipulation agreeing as to the authenticity of the escrow, loan records, and emails under Fed. R. Evid. 803(6) and 902, agreeing they are an exception to the hearsay rule. However, Charles Head retains the right to object to admissibility on other grounds, and retains the ability to cross-examine witnesses regarding the records and files themselves.

2. Likewise, Charles Head will seek a stipulation from the government, Benjamin Budoff, and Domonic McCarns agreeing to the authenticity of real estate contract, escrow and loan documents executed by the homeowner sellers as will be set forth in Charles Head's exhibit list pursuant to Fed. R. Evid. 803(6) and 902, as well as emails, agreeing they are an exception to the hearsay rule. The documents to be set forth in Charles Head's exhibit list are expected to include the following: Equity Purchase Agreement, Trust Agreement, Option Agreement, Residential Lease After Sale, Acknowledgment By Seller, Notice of Cancellation, Affidavit of Deed, and Emails.

### B. Expert Witnesses

It is not expected that any expert witnesses will be called in this case. The government has not provided notice they are calling any experts in its case-in-chief. Charles Head has not provided notice he is calling any experts in his case-in-chief. Benjamin Budoff has not provided notice he is calling any experts in his case-in-chief. Domonic McCarns has not provided notice he is calling any experts in his case-in-chief.

### C. Admonishment of Witness Regarding 5th Amendment Rights

The government may call witnesses who were involved, but not charged, with the certain real estate transactions at issue in this case. Any witness called by the government who was involved, but not charged, with the real estate transactions at issue should be admonished they have a right under the Fifth Amendment not to answer questions that might incriminate them. U.S. Const. Amend V.

The statute of limitations for non-capital crimes is generally five years. 18 U.S.C. § 3282(a). This applies to mail fraud counts under § 1341. However, violations of, or conspiracy to violate, 18 U.S.C. § 1341 carry a 10-year statute of limitations if the offense affects a financial institution. 18 U.S.C. § 3293(2).

Courts have held where the fraud was against a subsidiary of a financial institution, the longer statute of limitations may apply if there is sufficient evidence to allow a jury to conclude that by defrauding the subsidiary, the parent financial institution suffered a loss as a result of the scheme. *United States v. Bouvea*, 152 F.3d 192 (2d. Cir. 1998). In a recent mortgage fraud case, the Tenth Circuit held that the phrase "to affect financial institution" means that the scheme to defraud exposes a financial institution to new or increased risk of loss. *United States v. Mullins*, 613 F.3d 1273 (10th Cir. 2010).

As set forth in his motions in limine, Charles Head contends the homeowners are the object of the alleged conspiracy, not the lenders, and as such the ten-year statute of limitation does not apply. However, the property transactions at issue in this case occurred between 2004 and 2006 and would thus fall within the 10-year statute of limitations, should the lenders be deemed a victim as they are a financial institution or subsidiaries thereof.

Consequently, any government witness who was involved in the transactions alleged in the indictment is subject to prosecution and should be advised of that risk by the Court.

### D.  Witness-Related Matters

1. As to any witness who testifies in the present case who previously testified in case number 2:08-CR-00093-KJM, if any counsel seeks to refer that witness to their prior testimony in case number 093, in order to avoid undue prejudice and a mistrial, Mr. Head seeks an order from the Court requiring all counsel to use the following language in questioning that witness, "Do you recall testifying under oath in a prior proceeding?"

2. Mr. Head requests the Court order all counsel to specifically advise each of their witnesses to not refer to the previous trial of Charles Head, or any other hearing in which they testified in that case, during their testimony in this case.  If any witness refers to Charles Head's prior trial or a hearing related to that case during their testimony in the present case, Mr. Head will immediately move for a mistrial.

### E.  Fed. R. Crim. P. 404(b)

The government has given notice that it intends to introduce evidence under Rule 404(b).  Charles Head reserves the right to object to the introduction of 404(b) evidence as is appropriate during trial.

### F.  Charts and Summaries

The government has not indicated whether it may seek to use charts and summaries in the presentation of their case.  Typically, charts and summaries take one of two forms, either as evidence or as a non-evidentiary pedagogical device.  Charts and summaries as evidence are governed by Fed. R. Evid. 1006 and are subject to the same foundational and admissibility requirements as any other type of evidence.

In contrast, charts and summaries of testimony or documents already admitted into evidence are merely pedagogical devices and are not themselves evidence.  These pedagogical devices should only be used as testimonial aids and should not be admitted into evidence or used by the jury during deliberations.  See *United States v. Wood*, 943 F.2d

1048 (9th Cir. 1991); *Verizon Directories Corp v. Yellow Book USA, Inc.*, 331 F.Supp. 2d 136, 141 (E.D.N.Y. 2004).

In the event the government desires to use a chart or summary that has not been admitted into evidence, Charles Head requests the jury be instructed that the chart or summary is not evidence but merely the government's organization of the evidence, and this instruction be given at the time the government presents any chart or summary to the jury.

### G. Jury Instructions

Charles Head has submitted two special jury instructions. Subject to reviewing the government's proposed instructions, the Court's general instructions, and matters that may arise before or during trial, Charles Head reserves the right to submit additional proposed instructions as they become necessary.

## VI. MISCELLANEOUS MATTERS

### A. Anticipated Length of Trial

Based on discussions with the counsel for the government, Benjamin Budoff, and Domonic McCarns, undersigned counsel anticipates the duration of the trial to last approximately four to six weeks.

### B. Sufficient Jury Panels Available for Voir Dire

Due to the fact this trial is expected to last four to six weeks, it is undersigned counsel's view there may be a significant number of jurors who will claim hardship. In that event, counsel respectfully suggests there are sufficient jury panels available for voir dire to avoid depleting prospective jurors before the final jury is selected.

### C. Assistance of Defense Staff at Trial

*Lisa Gara - Investigator.* Charles Head requests that defense investigator Lisa Gara be permitted to sit at counsel table to assist during trial. This case is complex and it is anticipated there will be numerous witnesses called by both the government and defense. Ms. Gara is extremely familiar with this case and her assistance during trial is necessary to the effective representation of Charles Head. Ms. Gara is named on Charles Head's witness list but it is unlikely she will need to testify. If the need arises for Ms. Gara to testify, her

position is similar to the designated case agent for the government who assists at trial and testifies.  Charles Head moves to permit investigator Lisa Gara to assist at counsel table during trial.

*Daniel Tedmon - Paralegal.*  In prior federal trials, the government has graciously agreed to assist defense counsel in displaying admitted exhibits during questioning of witnesses at trial.  In order to facilitate the case moving smoothly for all parties concerned, counsel for Charles Head respectfully requests assistance from the government's paralegal in displaying exhibits during trial.

The other option is to require defense paralegal Daniel Tedmon to appear in court and sit at counsel table to assist in the presentation of exhibits during witness examination at trial.  Given this is a CJA court-appointed case, Daniel Tedmon's appearance during a four to six week trial will be an additional cost that can be avoided if the government agrees to assist counsel for Charles Head in the presentation of exhibits during trial.

DATED: October 11, 2013            Respectfully submitted,
                                    LAW OFFICES OF SCOTT L. TEDMON

                                    /s/ Scott L. Tedmon
                                    SCOTT L. TEDMON
                                    Attorney for Defendant Charles Head