UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES HEAD, et al.,<br><br>Defendants. | No.  08-CR-116 KJM<br><br><br>ORDER |

Defendant Charles Head moves to sever trial of his case from that of two codefendants.  (ECF 359.)  For the reasons provided below, the court DENIES defendant's motion.

In this case, defendant is indicted on four counts: one count of conspiracy to commit mail fraud under 18 U.S.C. § 1349 and three counts of mail fraud under 18 U.S.C. § 1341.  The indictment arises from allegations of mortgage fraud; defendant previously has been found guilty of one count of conspiracy and three counts of mail fraud in trial of a related case. (*See United States v. Head, et al.,* Case No. 2:08-CR-0093 KJM, ECF 773.)  In the instant case, defendant is set to be tried with codefendants Benjamin Budoff and Domonic McCarns, who have not previously been tried.  Defendant asserts that his codefendants' motions in limine reveal "they intend to present as a major part of their defense that Charles Head is guilty of the crimes charged
/////

1

against him, but they did not know of or participate in any criminal wrongdoing." (ECF 359 at 2.)

Federal Rule of Criminal Procedure 14 provides in relevant part: "If the joinder of . . . defendants in an indictment . . . appears to prejudice a defendant or the government, the court may . . . sever the defendants' trials, or provide any other relief that justice requires." Rule 14 "does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro v. United States*, 506 U.S. 534, 538–39 (1993). Limiting instructions are often sufficient to cure any risk of prejudice. *Id.* at 540 (upholding denial of severance in part because trial court instructed jury that government had burden to prove beyond reasonable doubt that each defendant was guilty and that jury must determine each individual's guilt by his or her own conduct); *see also United States v. Fernandez*, 388 F.3d 1199, 1243 (9th Cir. 2004), *modified*, 425 F.3d 1248 (9th Cir. 2005) ("Throughout the trial, the district court instructed the jury that it must consider the evidence against each defendant and evaluate each defendant's guilt separately . . . ."). Moreover, there is a preference for joint trials of defendants who are indicted together because joint trials "promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *Zafiro*, 560 U.S. at 537 (internal quotations and citations omitted).

Accordingly, a court should sever "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 560 U.S. at 539. Antagonism between defenses or one defendant's intent to exculpate himself by inculpating a codefendant is insufficient to require severance. *United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir. 1996). To obtain severance on the grounds of competing defenses, a defendant must show that "the core of the co-defendant's defense is so irreconcilable with the core of his own defense that the acceptance of the co-defendant's theory by the jury precludes acquittal of the defendant." *United States v. Johnson*, 297 F.3d 845, 858 (9th Cir. 2002).

The court finds that any prejudice defendant may suffer from a joint trial with the codefendants is not sufficient to require severance. Two elements necessary for conviction under

section 1341 are that (1) a defendant knowingly participated in a scheme to defraud and (2) he acted with the intent to defraud. 9th Cir. Model Jury Instruction 8.121. Assuming Budoff's and McCarns's defenses at trial will include the defense that they "knew only what [defendant] told them and relied on that information in good faith with whom they dealt and had no intent to defraud anyone" (ECF 359 at 5), this defense is not so irreconcilable with defendant's apparent defense of innocence that it precludes defendant's acquittal. *See Johnson*, 297 F.3d at 858. To avoid prejudice during trial, the court will exercise its discretion to use limiting instructions as a remedy. *See Zafiro*, 506 U.S. at 538–39. Limiting instructions, which juries are presumed to follow, *id.* at 540, will remind the jury as needed of its duty to consider whether each separate defendant exhibited knowledge of the scheme and intent to defraud by his own conduct. Even if the jury ultimately accepts that Budoff and McCarns had no knowledge of fraud or intent to defraud because each relied on defendant's statements in good faith, it will also be free to conclude that defendant's statements and conduct do not demonstrate he had an intent to defraud.

At hearing on this motion, counsel for codefendant McCarns renewed his motion to sever without making any new argument. (*See* ECF 288.) This renewed motion too is denied for the reasons stated above.

IT IS SO ORDERED.

Dated: October 18, 2013.

_____
UNITED STATES DISTRICT JUDGE