UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 13 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>CHARLES HEAD,<br><br>    Defendant - Appellant. | No. 14-10438<br><br>D.C. No. 2:08-cr-00093-KJM-1<br>U.S. District Court for Eastern California, Sacramento<br><br>**MANDATE** |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>CHARLES HEAD,<br><br>    Defendant - Appellant. | No. 14-10442<br><br>D.C. No. 2:08-cr-00116-KJM-1<br>U.S. District Court for Eastern California, Sacramento |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>JEREMY MICHAEL HEAD,<br><br>    Defendant - Appellant. | No. 14-10493<br><br>D.C. No. 2:08-cr-00093-KJM-2<br>U.S. District Court for Eastern California, Sacramento |

The judgment of this Court, entered June 27, 2017, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: Rhonda Roberts
Deputy Clerk
Ninth Circuit Rule 27-7

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> CHARLES HEAD, <br><br> Defendant-Appellant. | No. 14-10438 <br><br> D.C. No. 2:08-cr-00093-KJM-1 <br><br><br> MEMORANDUM* |
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> CHARLES HEAD, <br><br> Defendant-Appellant. | No. 14-10442 <br><br> D.C. No. 2:08-cr-00116-KJM-1 |
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> JEREMY MICHAEL HEAD, | No. 14-10493 <br><br> D.C. No. 2:08-cr-00093-KJM-2 |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted June 15, 2017
San Francisco, California

Before: THOMAS, Chief Judge, FRIEDLAND, Circuit Judge, and CARNEY,[**] District Judge.

Charles Head and Jeremy Michael Head appeal their convictions for conspiracy to commit mail fraud and mail fraud, arising from a foreclosure rescue scheme in which they targeted and defrauded homeowners in financial distress. Defendants allege that the district court committed Speedy Trial Act violations in *Head I* and *Head II* and failed to provide a specific unanimity instruction in *Head I*. Jeremy Michael also contends that the district court erred in sentencing him, and Charles claims that his conviction in *Head II* violates the prohibition against double jeopardy. We affirm the convictions and sentence.

1. The Speedy Trial Act does not require a district court to make an explicit "ends of justice" finding; instead, it requires that the trial court set forth in the record its "*reasons* for finding that the ends of justice served by the granting of [a]

---

[**] The Honorable Cormac J. Carney, United States District Judge for the Central District of California, sitting by designation.

continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A) (emphasis added). Section 3161(h)(7)(B) provides factors that a judge must consider in deciding whether to grant an "ends of justice" continuance. The code at issue here corresponds to those factors, and referring to that code therefore provides the reason why the district court found that the ends of justice were served by granting a continuance. *See United States v. Medina*, 524 F.3d 974, 986 (9th Cir. 2008) (explaining that a district court's "discussion of the statutory factors [wa]s adequate to support a continuance that serve[d] the ends of justice . . . ."). Defendants do not dispute that the continuances were justified; they acknowledge that the cases were complex and that counsel needed time to prepare.

Moreover, the code used by the district court to explain its reasons for continuances was not non-specific or underinclusive in the context of the record in this appeal. That various code provisions may be mutually exclusive does not mean that the district court erred by relying on those provisions as alternative holdings to justify granting a continuance. And that Defendants may not have intuitively understood the code is irrelevant, as they were represented by counsel and it is clear from the record that their counsel understood the references to the code.

2. The district court did not abuse its discretion in failing to give a specific

3

unanimity instruction because there was no genuine possibility that Defendants would be convicted by a non-unanimous jury. *See United States v. Lyons*, 472 F.3d 1055, 1068 (9th Cir. 2007) (stating that a specific unanimity instruction is required only when there exists a "genuine possibility of jury confusion or [a possibility] that a conviction may occur as the result of different jurors concluding that the defendant committed different acts" (quoting *United States v. Kim*, 196 F.3d 1079, 1082 (9th Cir. 1999))). On this record, no "genuine possibility" exists that some jurors may have found Defendants guilty based only on the false statements to lenders, as opposed to the false statements to homeowners.

    3. The district court did not err in applying the vulnerable victim enhancement under United States Sentencing Guidelines § 3A1.1, nor did it impose on Jeremy Michael Head a substantively unreasonable sentence. The victims here, as a result of their financial background and risk of foreclosure, were more likely to succumb to the criminal conduct. *See United States v. Peters*, 962 F.2d 1410, 1417 (9th Cir. 1992) (affirming application of vulnerable victim enhancement because the defendants had "sought out and targeted . . . only individuals whom they believed had poor credit histories"). Moreover, the district court downwardly varied from the Guidelines range in imposing Jeremy Michael Head's sentence, and the evidence against Jeremy Michael Head—namely, his position as "one of the more culpable" members of the conspiracy—supported the

4

court's decision not to vary even further downward.

    4. Although the *Head I* and *Head II* conspiracies sought to defraud homeowners using similar methods, the *Head II* conspiracy was sufficiently different in scope and approach that it was at least not plain error to allow Charles Head to be tried in *Head II*. *See United States v. Ziskin*, 360 F.3d 934, 944 (9th Cir. 2003) ("[S]ome interrelationship between conspiracies does not necessarily make them the same criminal enterprise." (quoting *United States v. Guzman*, 852 F.2d 1117, 1121 (9th Cir. 1988))); *United States v. Montgomery*, 150 F.3d 983, 990 (9th Cir. 1998) (explaining that the court "examine[s] the evidence in the light most favorable to the prosecution to determine if any rational trier of fact could have found that more than one conspiracy existed"); *United States v. Stoddard*, 111 F.3d 1450, 1454 (9th Cir. 1997) (describing the factors used to analyze whether two conspiracy allegations charge the same offense).  Because it did not violate the Double Jeopardy Clause for Charles Head to have been tried for conspiracy to commit mail fraud in *Head II*, his convictions for mail fraud in *Head II* likewise does not violate the Double Jeopardy Clause.

    Defendants' convictions and Jeremy Michael Head's sentence are therefore AFFIRMED.