UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES HEAD,<br><br>Defendant. | Case No. 2:08-CR-093-KJM<br>2:08-CR-116 KJM<br><br><br>ORDER |

In December 2013, a jury convicted defendant Charles Head of multiple counts of mail fraud and conspiracy to commit mail fraud in two related criminal cases. *See* Case Nos. 2:08-cr-093-KJM (Head I), and 2:08-cr-116-KJM (Head II). He was sentenced in both cases on September 3, 2014, to a total term of 420 months imprisonment, which he is now serving. Head I, ECF No. 977; Head II, ECF No. 581. The court also ordered $9,534,240.21 and $7,563,710.26 in restitution respectively, with installment payments to begin immediately through the Bureau of Prisons ("BOP") Inmate Financial Responsibility Program. Head I, ECF No. 1191 at 6; Head II, ECF No. 653 at 7. Now, years later, defendant filed a handwritten request to "either reduce the monthly [restitution] payments or allow payments to be deferred until [his] release from prison." Head I, ECF No. 1567, Head II, ECF No. 840 ("Mot."). The government opposes. Head I, ECF No. 1569, Head II, ECF No. 841 ("Opp'n"). Defendant filed a reply. Head I, ECF No. 1573, Head II, ECF No. 842 ("Reply"). As explained below, the court DENIES Head's request.

1

I.  DISCUSSION

Defendant does not challenge the sum of restitution he owes. Reply at 1 (conceding "The government is absolutely correct" that defendant "stipulated to the restitution amounts" and waived his ability to challenge this sum). Rather, he seeks to reduce or defer his agreed-upon installment payments because "these payments are being made by [his] retired parents who are making additional payments for [his] brother, Jeremy Head, a co-defendant [in] one of these cases." Mot. at 2.

The record does not support defendant's representation that his retired parents are paying his restitution, as his request is not verified. Moreover, the court ordered defendant himself to make payments through the BOP while incarcerated, and the government has filed proof that defendant is making payments of $30 per quarter. Gov't Ex. 2, ECF No. 841-2 (defendant's Inmate Financial Plan contract listing installment agreement); *see also* Head I, ECF No. 1191 at 6 & Head II, ECF No. 653 at 7 (ordering restitution payments through this BOP program).

Defendant raises no valid basis to reduce or defer his payments. Restitution is designed to protect victims from underpayment. *See* 18 U.S.C. § 3613(c) (a restitution order "is a lien in favor of the United States on all property and rights to property of the person"). A defendant should make the full restitution payment "immediately, unless, in the interest of justice the court provides for a payment . . . in installments." *Id.* § 3572(d)(1). If a schedule of payments is ordered, that schedule "shall be the shortest time in which full payment can reasonably be made." *Id.* § 3572(d)(2). The court may, in its discretion, alter the agreed-upon payment schedule if defendant experiences a material change in economic circumstances. *Id.* § 3664(k). Here, defendant has neither identified nor supported a material change in his financial circumstances.

/////

/////

////

////

II. <u>CONCLUSION</u>

For the reasons explained above, the court DENIES defendant's request.

IT IS SO ORDERED.

This resolves Head I, ECF No. 1567 and Head II, ECF No. 840.

DATED: April 11, 2018.

<span style="text-align:center">_____
UNITED STATES DISTRICT JUDGE</span>