UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CHARLES HEAD,<br><br>　　　　Defendant. | No. 2:08-cr-0093 KJM AC |
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CHARLES HEAD,<br><br>　　　　Defendant. | No. 2:08-cr-0116 KJM AC<br><br>ORDER |

Defendant Charles Head is a federal prisoner proceeding pro se with post-conviction challenges under 28 U.S.C. § 2255 in both of the above-captioned cases. All discovery-related motions in both cases have been referred to the undersigned. Head I, Case No. 2:08-cr-0093 KJM AC, ECF No. 1651 at 4. Judge Mueller continues to handle all substantive post-trial motions, including the applications for collateral relief. Id.

I. Procedural Posture and Implications for Discovery

Defendant has filed a great number of discovery-related motions in these cases. Indeed, the sheer volume of motions has impeded the court's ability to timely resolve them. As explained more fully below in discussion of the individual motions, the undersigned concludes overall that further discovery is premature.[1] The present procedural posture of these post-conviction proceedings indicates that no claims are yet in issue. Accordingly, neither the propriety of discovery in general nor its appropriate scope can be determined at this time.

The government has not yet been ordered to respond to the § 2255 motion in Case No. 2:08-cr-0093 KJM (Head I). This indicates that the motion has not yet been reviewed pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. Even if Judge Mueller orders a response from the government pursuant to Rule 5, that response may include procedural defenses that would need to be litigated prior to consideration of the merits. Only if and when Judge Mueller concludes that there are extra-record claims which are not subject to dismissal on procedural grounds, and which are adequately supported by factual allegations to state a claim for relief, will evidentiary development be appropriate.

The government was ordered to respond to the initial § 2255 motion in Case No. 2:08-cr-0116 KJM (Head II), and has done so. See Head II, ECF Nos. 862, 871. The original § 2255 motion presents a double jeopardy challenge to the Head II prosecution, and a conclusory claim of related ineffective assistance of counsel. ECF No. 861. The government's opposition includes assertions of waiver and failure to state a claim. ECF No. 871. Those threshold matters must be determined by Judge Mueller before the merits can be considered. Defendant has filed a motion to amend his § 2255 motion, together with a proposed amended motion to vacate that adds numerous claims. ECF No. 867. Judge Mueller has not yet addressed the motion to amend. Accordingly, the scope of the post-conviction proceedings in Head II remains to be determined.

////

---

[1] Defendant has already received the benefit of limited-purpose appointed counsel who obtained a copy of the partially redacted pre-trial discovery for defendant's post-conviction use pursuant to protective order. See ECF Nos. 1647, 1666.

2

Because leave to amend has not been granted, the undersigned will not consider in the discovery context any of the claims proffered in the <u>Head II</u> proposed amended § 2255 motion.

In sum, it is not yet clear which of defendant's claims, if any, will proceed on the merits. Until that becomes clear, plaintiff should refrain from filing additional requests for discovery.

## II. Motions for Copies of the Record, i.e. Free Transcripts

Defendant has filed several motions for free copies of the transcripts of his trials, and all related trial exhibits, pursuant to 28 U.S.C. § 753(f) and 28 U.S.C. § 2250. <u>Head I</u>, Case No. 2:08-cr-0093 KJM AC, ECF Nos. 1614, 1627; <u>Head II</u>, Case No. 2:08-cr-0116 KJM AC, ECF Nos. 864, 881.

Title 28 U.S.C. § 753(f) provides in pertinent part as follows:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title [28 USCS § 2255] to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeals is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

Title 28 U.S.C. § 2250 provides in full:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

Neither statute confers a right to complete trial transcripts for purposes of collateral post-conviction litigation. Rather, defendant is entitled to obtain only those portions of the transcripts that are necessary to litigation of claims that the presiding judge deems non-frivolous and suitable to proceed to the merits. <u>See</u> <u>United States v. McCollom</u>, 426 U.S. 317, 320 (1976). Here, there has been no certification under § 753(f) and no determination by Judge Mueller as to which claims, if any, will proceed to litigation on the merits. The § 2255 motion in <u>Head I</u> has not yet been screened pursuant to Rule 4 of the Rules Governing Proceedings Under Section 2255, and

accordingly the government has not yet answered. Thus, no claims are yet in issue. In Head II, the government has been ordered to respond and has asserted that (1) the double jeopardy claim is barred as previously litigated on appeal, and (2) the related ineffective assistance of counsel claim fails to state a claim. These threshold issues presented by the government's opposition do not require review of the trial transcripts. In light of this procedural posture, the requests for transcripts are premature.

The several motions for free copies of the record with be denied without prejudice to renewal after the district judge determines which of defendant's claims, if any, will proceed to litigation of the merits. Because Judge Mueller is both the trial judge for purposes of 28 U.S.C. § 753(f) and the judge before whom the applications for post-conviction relief are pending for purposes of 28 U.S.C. § 2250, she must determine what portions of the transcripts should be furnished to defendant. Until it is clear what claims will proceed, the undersigned will make no recommendations in that regard.

III.  Motions Seeking Ancillary Services

A.  Investigative Services

Defendant seeks court appointment of an investigator to develop evidence in support of his extra-record claims of ineffective assistance of counsel ("IAC") in Head I. He seeks to develop evidence of prejudice from counsel's failure to investigate, as required under Strickland v. Washington, 466 U.S. 668 (1984). Head I, Case No. 2:08-cr-0093 KJM AC, ECF No. 1628. Defendant relies on authorities that require investigative services for indigent defendants as a matter of right at and in preparation for trial. Id. at 3 (citing Ake v. Oklahoma, 470 U.S. 68, 77 (1985). Ake and progeny do not apply by their terms in the post-conviction context, where there is no Sixth Amendment right to counsel.

The Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, does authorize, in some circumstances, government funds for investigative services for indigent petitioners pursuing relief under § 2255. 18 U.S.C. § 3006A(a)(2), (e); see Guide to Judiciary Policy, Vol. 7, Pt. A, Ch. 3 ("CJA Guidelines") § 310.10.30(a)-(b) (2013). Section 3006A(e) allows for court-ordered authorization of government funds for investigative services "upon request" by "[c]ounsel for a

person who is financially unable to obtain investigative . . . services necessary for adequate representation" after the court makes an "inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them." 18 U.S.C. § 3006A(e)(1). When a pro se movant requests government-funded investigative services under § 3006A(e), the CJA Guidelines require two threshold determinations: (1) that the movant is "eligible for representation" under the CJA and (2) that the movant's case is "one in which the interests of justice would have required the furnishing of representation." CJA Guidelines § 310.10.30(a)-(b).

Here, it is not yet clear which of defendant's ineffective assistance of counsel claims, if any, will proceed. Accordingly, the undersigned cannot conclude on the present record that the interests of justice require funding for investigative services. In short, the undersigned will not commit public funds to investigation of claims that are not yet in issue, nor to a fishing expedition in search of facts necessary to state a claim. This motion will be denied without prejudice to renewal should Judge Mueller conclude that any extra-record claims will proceed to litigation of the merits.

### B. Expert Witness

Defendant seeks CJA funding for the services of an expert witness in support of his IAC claims, and moves for a court order maintaining under seal the details of his request and the arguments in support of it. Head I, Case No. 2:08-cr-0093 KJM AC, ECF No. 1652; see also ECF Nos. 1651 at 5:13-16. The request for expert services must be denied without prejudice for the same reasons as the request for investigative services. In sum, to the extent the court has the authority under the CJA to provide funding for an expert witness in a § 2255 proceeding, the present circumstances do not demonstrate that such services are appropriate. Plaintiff may renew his request if and when Judge Mueller rules that a claim for which defendant desires expert services will go forward on the merits.

As for the request to file under seal, defendant has not identified any applicable legal basis for his request. He contends that the content of his motion is "confidential," and that a defendant is entitled to shield his theory of defense from prosecutorial scrutiny. The latter principle does

not apply in post-conviction proceedings, however, because the movant bears the burden of proof and does not enjoy the protections of the Sixth Amendment. And an assertion of "confidentiality" is an insufficient basis to warrant sealing. There is a presumption of public access to court documents. Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978); In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig., 686 F.3d 1115, 1119 (9th Cir. 2012) (per curiam). A party must make a particularized showing of good cause to have documents attached to a non-dispositive motion filed under seal. Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1138 (9th Cir. 2003). That standard is not met here.

Nonetheless, because the motion for expert services is being denied without prejudice as premature, without reference to any information included the Ex Parte Application that defendant has submitted for filing under seal, the Ex Parte Application will be returned to defendant rather than filed publicly. If defendant renews his motion at a future time and an accompanying request to seal is denied, all documents submitted to the court with the sealing request will be filed publicly on the docket.

IV. Motions Under Rule 6

A. Standards

Under Rule 6(a) of the Rules Governing Section 2255 Proceedings, courts may authorize parties to a Section 2255 habeas proceeding to conduct discovery for good cause shown. Good cause under Rule 6(a) exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . ." Bracy v. Gramley, 520 U.S. 899, 908-09 (1997). Habeas petitioners may not "use federal discovery for fishing expeditions to investigate mere speculation." Calderon v. U.S. Dist. Court, 98 F.3d 1102, 1106 (9th Cir. 1996).

B. Materials from Trial Counsel's Files

In Head I, defendant seeks a court order requiring his trial lawyer, Scott Tedmon, to produce all attorney/client correspondence and all documentation of attorney/client communications from his case files. Case No. 2:08-cr-0093 KJM AC, ECF No. 1626. Defendant contends that these materials will support his allegations that he provided critical investigative

leads to Mr. Tedmon that were not pursued by counsel. This request is premature. Judge Mueller has not yet screened defendant's IAC claims, and the government has not responded to them and had the opportunity to assert bars to relief that would preclude evidentiary development. If and when there is a ruling from the presiding judge that any IAC claim(s) will proceed on the merits, defendant may renew his motion for such materials as may be relevant to the claims in issue.

### C. Depositions of Trial Defense Team Members

Defendant seeks a court order authorizing the depositions of Scott Tedmon, his trial lawyer; Lisa Gara, the defense investigator; and Jennifer Faria, the defense paralegal. Head II, ECF Nos. 873, 876 (duplicate). Although this motion was docketed in Head II, it is related to the IAC claims asserted in Head I. It will be denied without prejudice, for the same reason as the above request for defense counsel file materials.

### D. Grand Jury Materials

Defendant seeks information related to the term and composition of the grand jury that indicted him, as well as the instructions and charge given to the grand jury. Head II, Case No. 2:08-cr-0116 KJM AC, ECF No. 863. At the court's request. ECF No. 866, the government filed an opposition to the motion. ECF No. 878.

The motion seeks disclosure of "ministerial grand jury records under [28] U.S.C. § 1867." ECF No. 863 at 1. Section 1867(a) provides:

> In criminal cases, before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier, the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury.

Section 1867(d) provides:

> Upon motion filed under . . . this section, containing a sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions of this title, the moving party shall be entitled to present in support of such motion the testimony of the jury commission or clerk, if available, any relevant records and papers not public or otherwise available used by the jury commissioner or clerk, and any other relevant evidence. . . .

////

This procedure is the exclusive means by which a defendant may challenge any jury for non-compliance with statutory procedures. § 1867(e).

The government contends that any motion under § 1867 is untimely under subsection (a), and that any challenge to the grand jury has been waived by failure to raise it pretrial. ECF No. 878 at 2-4. The court need not rule on those matters, because it is clear that § 1867 is simply inapplicable here, where defendant has neither made nor proffered any challenge to the grand jury as contemplated in subsection (d). Head II includes no claim predicated on a substantial failure to comply with the grand jury provisions of Title 28.[2] Moreover, none of the § 1867 cases cited by defendant support the disclosure of grand jury records in the § 2255 context.

The discovery defendant seeks is available only under Rule 6. So construed, the motion must be denied for lack of a good cause showing. No claim related to the selection, composition or administration of the grand jury is before the court.

### E. Materials from the United States Attorney

#### 1. Pre-trial Discovery and Investigative Materials

The first-filed discovery motion in Head II was a broad Motion for Discovery Access, seeking an order for the government to provide all pretrial discovery to defendant for his post-conviction use. Case No. 2:08-cr-0116 KJM AC, ECF No. 860. Judge Mueller subsequently appointed counsel for the limited purpose of assisting defendant to obtain such discovery. See ECF Nos. 1623. Appointed counsel obtained for defendant's use a complete copy of the partially-redacted discovery that had been produced to the defense pre-trial. See ECF Nos. 1647 (stipulated protective order), 1666 (Daniel Olsen's motion to withdraw), 1669 (order granting motion to withdraw). Accordingly, the motion at ECF No. 860 will be denied as moot. To the extent that the motion sought any materials that are not among those obtained by Mr. Olsen, the motion is denied for lack of a good cause showing.

Defendant's most recent Rule 6 motion, filed in both cases, seeks (1) "all of the hard drive images. . . seized by the government pursuant to any and all of the search warrants executed by

---

[2] Neither does Head I.

the government relative to Movant's prosecution;" and (2) all records obtained from America Online pursuant to search warrant 2:06-sw-357 DAD. Head I, Case No. 2:08-cr-0093 KJM AC, ECF No. 1670 at 1-2; Head II, Case No. 2:08-cr-0116 KJM AC, ECF No. 918 at 1-2. Defendant contends that the government initially withheld certain "exculpatory" evidence from the hard drives that were provided pretrial to the defense, and then provided the information shortly before trial "to Movant's counsel who failed to investigate the contents of the hard drive images." Id. at 3-4. To the extent the information at issue was produced to the defense prior to trial, even if belatedly, defendant has not demonstrated that the information is missing from the discovery obtained with Mr. Olsen's assistance. To the extent that this motion seeks information that was not produced to the defense pretrial, or was not included in the materials obtained by Mr. Olsen, it is premature. Defendant again seeks evidence to support his ineffective assistance of counsel claim(s). The good cause required by Rule 6 is claim-specific, and defendant's IAC claims are not yet in issue. If and when Judge Mueller determines that movant has stated a claim that is appropriate for evidentiary development, defendant may seek discovery.

2. Documents Related to Defendant's Incarceration at Sacramento County Jail

Defendant seeks from the government all documents regarding him that were received from the Sacramento County Jail during his pretrial incarceration. Head I, Case No. 2:08-cr-0093 KJM AC, ECF Nos. 1629, 1667. Defendant has not demonstrated good cause within the meaning of Rule 6. He contends that the requested material is "directly related to his claim of governmental intrusion upon his attorney-client relationship and required to support said ground for relief…" Id. at 5. Because it is unclear at this time whether any such claim will proceed, however, good cause is not established.

By separate motion, defendant seeks from the government all statements, including telephone calls, made by defendant while he was held at the Sacramento County Jail. This is captioned as a request under Rule 16(a)(1)(B) of the Federal Rules of Criminal Procedure. Head II, Case No. 2:08-cr-0116 KJM AC, ECF No. 865. At the court's request, ECF No. 866, the government filed an opposition to the motion. ECF No. 878. The government argues that the motion is untimely, because Rule 16 motions must be made before trial. To the extent that the

motion is construed as one under Rule 6 of the Rules Governing Section 2255 Proceedings, the government contends that it fails to demonstrate good cause. The court agrees. Defendant makes no argument supporting cause, as he has done on other motions for discovery. The requested documents are unrelated to the issues presented in Head II. This motion will therefore be denied.

V. Conclusion

For the reasons stated above, it is HEREBY ORDERED as follows:

1. The following motions in Head I, Case No. 2:08-cr-0093 KJM AC, are DENIED without prejudice:
   a. Motions for Copies of the Record, ECF Nos. 1614 & 1627;
   b. Motion for Production of Documents from Trial Counsel, ECF No. 1626;
   c. Motion for Investigative Services, ECF No. 1628;
   d. Motion to Compel, ECF No. 1629;
   e. Request to Seal and underlying Motion for Expert Services, ECF No. 1652;[3]
   f. Motion to Compel, ECF No 1667;
   g. Motion for Discovery, ECF No. 1670.
2. The following motions in Head II, Case No. 2:08-cr-0116 KJM AC, are DENIED without prejudice:
   a. Motion for Discovery Access, ECF No. 860;
   b. Motion for Disclosure of Grand Jury Records, ECF No. 863;
   c. Motion for Free Transcripts, ECF No. 864;
   d. Motion for Discovery, ECF No. 865;
   e. Requests for Discovery, ECF Nos. 873 & 876;

////

////

---

[3] The Clerk's Office is hereby ordered to return to defendant, without docketing, the related seven-page document captioned "Ex Parte Application for Expert Expenses Under 18 U.S.C. 3006A — To Be Filed Under Seal."

f. Motion for Copy of Record and Transcripts, ECF No. 881;

g. Motion for Discovery, ECF No. 918.

IT IS SO ORDERED.

DATED: November 21, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE