UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CHARLES HEAD,<br><br>　　　　Defendant. | No. 2:08-cr-0093 KJM AC |
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CHARLES HEAD,<br><br>　　　　Defendant. | No. 2:08-cr-0116 KJM AC<br><br>ORDER |

Defendant Charles Head is a federal prisoner proceeding pro se with post-conviction challenges under 28 U.S.C. § 2255 in both of the above-captioned cases. All discovery-related motions in both cases have been referred to the undersigned. Head I, Case No. 2:08-cr-0093 KJM AC, ECF No. 1651 at 4. On November 22, 2019, the undersigned denied numerous motions for

////

1

discovery.  Head I, ECF No. 1671.  Movant now seeks reconsideration of that order.  Head I, ECF No. 1674; Head II, ECF No. 919.

The court has discretion to reconsider and vacate a prior order.  Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992).  Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs.  Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925–26 (9th Cir. 1988).  Nor is reconsideration to be used to ask the court to rethink what it has already considered.  United States v. Rezzonico, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998).  "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."  U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

Motions to reconsider are committed to the discretion of the court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds 828 F.2d 514 (9th Cir. 1987).  When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  The moving party must also show "why the [new] facts or circumstances were not shown at the time of the prior motion."  Id.[1]

Here, movant has not identified any new or different factual circumstances that might support reconsideration.  All of the arguments presented either were, or could have been, made at

---

[1] Local Rule 303(c) provides that a party objecting to or seeking reconsideration of a Magistrate Judge's ruling by the District Judge, pursuant to Fed. R. Civ. P. 72(a), must caption the motion "Request for Reconsideration by the District Judge of Magistrate Judge's Ruling."  The instant motion for reconsideration is not so captioned, nor does it otherwise appear to seek review by the District Judge.

the time the discovery motions were originally under consideration. Moreover, to the extent plaintiff relies on the fact that he is no longer represented by counsel in relation to the trial discovery that has been ordered produced to movant, <u>see</u> ECF No. 1674 at 6-10 & 14-20, Judge Mueller has since appointed Erin Radekin to manage discovery dissemination. ECF No. 1676. Accordingly, that portion of the motion for reconsideration is moot.

Movant's Motion for Reconsideration, ECF No. 1674 in Case No. 2:08-cr-0093 KJM AC and ECF No. 923 in Case No. 2:08-cr-0116 KJM AC, is accordingly DENIED.

IT IS SO ORDERED.

DATED: January 7, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE