**ERIN RADEKIN**
Attorney at Law
California State Bar Number 214964
1001 G Street, Suite 107
Sacramento, CA  95814
 (916) 504-3931


Attorney for Defendant
Charles Head


# UNITED STATES DISTRICT COURT

# IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA


| | |
|---|---|
| United States of America, | ) Case Nos.  2:08-CR-093 KJM |
| | )              2:08-CR-116 KJM |
|        Plaintiff, | ) |
| | ) **STIPULATION AND PROTECTIVE** |
|   vs. | ) **ORDER BETWEEN THE UNITED** |
| | ) **STATES AND CHARLES HEAD** |
| Charles Head, | ) |
| | ) |
|        Defendant. | ) |
| | ) |
| | ) |
| | ) |

## STIPULATION

1.      On December 17, 2019, the Court appointed attorney Erin Radekin for the limited purpose of representing Defendant, Charles Head (hereinafter "the defendant" or "defendant"), in managing discovery dissemination.  The defendant is currently a prisoner being supervised by the Bureau of Prisons at FCI Cumberland.  In order to ensure the earliest reasonably feasible production of discovery to the defendant in a format mutually agreeable to the parties, the parties ask that the Court approve the following stipulation of the parties.

2.      Defense counsel agrees to be bound by the existing protective orders governing discovery in cases 08-CR-00093 KJM (ECF No. 895, 1647) and 08-CR-00116 KJM (ECF No. 491, 896).

3. Upon approval of this stipulation by this Court, Ms. Radekin may obtain a copy of the partially redacted discovery in Case Nos. 08-CR-00093 KJM and 08-CR-00116 KJM from defense counsel Daniel Olsen.

4. Upon approval of this stipulation by this Court, Ms. Radekin may also obtain any other copies of the discovery in Mr. Olsen's possession from Mr. Olsen. Pursuant to the existing protective orders, however, Ms. Radekin may not disseminate those copies to the defendant or any other party, except upon further modification of the protective orders by order of this Court.

5. Pursuant to this stipulation and order, defense counsel may, as defense counsel deems necessary, provide the partially redacted discovery and deliver it to defendant Head at FCI Cumberland pursuant to the following terms, which are identical to the terms agreed to previously by Mr. Olsen and Mr. Charles Head:

6. Plaintiff United States of America, by and through its counsel of record, and defendant Charles Head, by and through his limited appointment counsel of record, hereby stipulate, agree, and jointly request that the Court enter a Protective Order in this case restricting the use and dissemination of certain materials containing personal identifying information of real persons and other confidential information of victims, witnesses and third parties.

7. This stipulation and order pertains to the partially redacted discovery from cases 08-CR-00093 KJM and 08-CR-00116 KJM that was inspected by the United States Attorney's Office on October 17, 2018 (hereafter, collectively known as "the discovery").

8. Defense counsel may provide defendant Charles Head with a partially redacted copy of the discovery while he is incarcerated at the Bureau of Prisons with the following conditions:

    a. The discovery must be stored in an electronic format compliant with the Bureau of Prisons' approved forms of storage media.

    b. Defense counsel shall confirm with the Bureau of Prisons that the discovery is stored by the Bureau of Prisons personnel, and not defendant, while not in use.

c. Defense counsel shall confirm with the Bureau of Prisons staff that the computer used to view the discovery is not connected to any printer or internet connection.

d. Defense counsel shall confirm with the Bureau of Prisons staff that the computer used by defendant to view the discovery has appropriate restrictions, the purpose of which are intended to prevent dissemination of the discovery, including but not limited to the prevention of printing and emailing.

e. Defense counsel shall confirm with the Bureau of Prisons that no inmate other than Charles Head will have access to the discovery and will provide a copy of this protective order to the Bureau of Prisons.

f. The defendant's review of the material will be subject to the policies and procedures of the Bureau of Prisons. This stipulation and order does not confer upon the defendant any special privileges, including with regard to the timing and duration of his access to the discovery.

g. At the conclusion of all post-conviction litigation in case numbers 08-CR-116 KJM, and 08-CR-093 KJM, or upon release of the defendant from the Bureau of Prisons, whichever comes first, defense counsel shall seek the return of the electronic media containing the discovery from the Bureau of Prisons or confirm that it has been destroyed by the Bureau of Prisons.

9. Upon reasonable requests of the defendant, defense counsel may send defendant, while in prison, hard copies of documents within the discovery that defendant specifies by discovery page number under the following conditions:

a. Any hardcopy pages from the discovery provided to defendant shall be redacted to obscure all credit card numbers, dates of birth, social security numbers, witness contact information, email addresses, license numbers, and financial account numbers (hereinafter, collectively known as "personal information"). The personal information to be redacted on hardcopy pages does not include the addresses of any properties which were involved in the financing and real estate

- 3 -

programs that were the subject matter of the investigation in cases 08-CR-00093 KJM and 08-CR-00116 KJM. If an email address needs to be redacted on a hardcopy page, a sufficient portion of email address to the left of the "@" symbol may remain unredacted such that the author and/or recipient of the email can be identified if the name of that person is not otherwise obvious.

    b. Defense counsel will inscribe the following notation on each page of discovery provided to defendant in hardcopy format: "U.S. Government Property; May Not Be Used Without U.S. Government Permission."

10. Defendant agrees to the following terms and conditions:

    a. Defendant shall not use the discovery for any illegal or improper activities.

    b. While viewing the discovery on the computer under control of the Bureau of Prisons, defendant shall not write down, keep in written or recorded form of any type, including code, memorize, or transmit to any person any of the personal information contained in the discovery, including but not limited to, dates of birth, full or partial Social Security numbers, driver's license numbers, taxpayer identification numbers, credit card and debit card numbers, bank account numbers, and addresses that are not the addresses of properties involved in the financing and real estate programs that were the subject matter of the investigation in cases 08-CR-00093 KJM and 08-CR-00116 KJM..

    c. Defendant shall not make any efforts to disseminate the discovery.

11. To the extent that defendant needs to attach redacted pages of the discovery as exhibits to any legal pleadings involved in post-conviction relief efforts in case number 08-CR-00116 KJM, defendant must either:

    a. File the redacted pages under seal, the sealing of which may be opposed by the government, and if such opposition is successful or the Court otherwise denies the sealing, the redacted pages may be filed on the public docket; or

b. Obtain a modification to the existing protective orders by: 1) motion or 2) stipulation and order; or

c. Obtain written permission from the government by referencing the page numbers of the redacted discovery sought to be attached. The government agrees to act in good faith in promptly granting such permission. If the government denies such permission, the government will specify what additional redaction is required beyond paragraph 6(a) above, or describe the reasons for the denial.

12. The government and defendant Head reserve the right to seek future modification of this order from the Court, including but not limited to, in order to address concerns of, or rule changes by, the Bureau of Prisons.

**Defendant's Acknowledgment**

I have reviewed this addendum and the existing protective orders and I agree to be bound by their terms. Furthermore, I understand and agree that the discovery and information therein may only be used in connection with the litigation of case numbers 08-CR-116 KJM and 08-CR-

///

///

///

093 KJM and for no other purpose, and that an unauthorized use of the discovery may constitute a violation of law and/or contempt of court.

Date: January 23, 2020               /s/ Charles Head
                                            CHARLES HEAD
                                            (original retained in file)

**IT IS SO STIPULATED:**

DATED: January 23, 2020            McGREGOR W. SCOTT
                                              United States Attorney

                                              /s/ Michael Anderson
                                              Michael Anderson
                                              Assistant U.S. Attorney

DATED: January 23, 2020            /s/ Erin Radekin
                                              Erin Radekin
                                              Attorney for Charles Head

## O R D E R

**IT IS SO ORDERED** on January 31, 2020.

CHIEF UNITED STATES DISTRICT JUDGE

- 6 -