UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| United States of America, | No. 2:08-cr-00093-KJM |
|---|---|
| Plaintiff, | No. 2:08-cr-00116-KJM |
| v. | ORDER |
| Charles Head, | |
| Defendant. | |

Charles Head is a federal prisoner proceeding pro se with post-conviction challenges under 28 U.S.C. § 2255 in both of the above-captioned cases. *See* ECF Nos. 1617 & 861.[1] Through appointed counsel, he has also moved for compassionate release. *See* ECF Nos. 1734 & 975. Head has filed a great number of documents related to these substantive post-trial motions. *See* Order at 4–5, ECF Nos. 1651 & 899 (addressing eight filings); Order at 10–11, ECF Nos. 1671 & 919 (magistrate judge's order addressing sixteen filings). Here, the court organizes Head's pending motions into five groups and resolves them. In doing so, the court echoes the magistrate judge's apt observation that "the sheer volume of motions has impeded the court's ability to timely resolve them." Order at 2.

---

[1] In this order, the court will continue the convention of referring to Head's first case, case number 2:08-cr-093-KJM, as "*Head I*." The court will refer to Head's second case, case number 2:08-cr-116-KJM, as "*Head II*." Head's ECF filings in the 1600s and 1700s refer to filings in *Head I*; Head's ECF filings numbered 1036 or lower refer to filings in *Head II*.

1

1    First, Head requests that the court "order the government to return any and all evidence" seized in the cases against him, *see* Mot. Return Prop., ECF Nos. 1619 & 883, and that the court appoint someone to serve his motion on the Attorney General and the United States Attorney for the Eastern District of California, *see* Req. for Summons, ECF Nos. 1620 & 884.  The Motion for Return of Property is **denied**.  Rule 41(g) provides that a "person aggrieved . . . by the deprivation of property may move for the property's return.  The motion must be filed in the district where the property was seized."  Fed. R. Crim. P. 41(g).  Head has not claimed that search warrants in this case were executed in the Eastern District of California, and the court is aware of none.  Venue therefore appears improper in the Eastern District of California.  Moreover, Head made a nearly identical Rule 41(g) motion in the Central District of California, and that court denied his motion on the merits.  *See* Order Denying 41(g) Mot., Opp'n Ex. 6, ECF Nos. 1763-6 & 1023-6.  Because the Motion for Return of Property is denied, Head's Request for Issuance of Summons is **denied** as moot.

Second, Head has filed two applications concerning litigation expenses.  *See* Application to Proceed Without Paying Costs and Fees, ECF No. 1625; Ex Parte Appl. for Services, ECF Nos. 1656 & 902.  The Application to Proceed Without Paying Costs & Fees is moot as to Head's § 2255 motions because a § 2255 motion does not require a filing fee.  *See* 28 U.S.C. § 2255 R.1 advisory committee's note to 1976 adoption ("[A] motion under § 2255 is a further step in the movant's criminal case and not a separate civil action . . . ."); *see also* 28 U.S.C. § 2255 R.3 Adv. Comm. Note to 1976 adoption ("[T]here is no need to have a forma pauperis affidavit to proceed with the action since there is no requirement of a fee for filing the motion . . . .").  Further, Head is represented in his motion for compassionate release.  *See* Min. Order, ECF Nos. 1730 & 963.  Thus, his request for permission to proceed without paying filing fees, ECF No. 1625, is **denied** as moot.  Head's second application concerning litigation expenses—his Ex Parte Application for Services, ECF Nos. 1656 & 902—is also **denied**.[2]

---

[2] Head seeks, in reliance on 18 U.S.C. § 3006(e), funding for services "necessary in connection to his Section 2255 habeas actions in this court."  Mot. at 1.  Specifically, Head first requests funds for a specific paralegal who can work for him thirty to forty hours per month at a rate of $55 per hour.  *Id.* at 3–4.  Second, Head requests funds for a forensic computer expert to

2

Third, Head has filed two motions regarding an attorney who has since withdrawn as Head's counsel. *See* Mot. for Clarification & Recons., ECF No. 1631 (seeking reconsideration of court's appointment of counsel or, in the alternative, clarity on the scope of appointed counsel's representation); Ex Parte Mot. to Recons. Mot. to Substitute Counsel, ECF Nos. 1689 & 933. Both motions are **denied** as moot.

Fourth, Head filed two requests to seal. *See* ECF Nos. 1747 & 990 (requesting to seal son's school and medical records); ECF Nos. 1751 & 996 (requesting to seal Head's medical records). Good cause appearing, the court **grants** both requests. *See Chester v. King*, No. 16-cv-01257, 2019 WL 5420213, at *2 (E.D. Cal. Oct. 23, 2019) ("This court, and others within the Ninth Circuit, have recognized that the need to protect medical privacy qualifies as a 'compelling reason' for sealing records."). The clerk is directed to file Exhibits P and Q of Head's reply to the government's opposition, ECF Nos. 1746 & 989, and Exhibit A of Head's status report, ECF Nos. 1750 & 995, **under seal.**

Finally, Head filed three motions related to his substantive post-conviction challenges. *See* Mot. to Expand R., ECF No. 1633; Req. for Jud. Notice, ECF Nos. 1657 & 903; Req. for Jud. Notice and Resentencing, ECF Nos. 1771 & 1036. In his Motion to Expand the Record, Head submits a declaration that he asks the court to consider in deciding his § 2255 motion in Case No. 2:08-cr-00093-KJM (*Head I*). In his Request for Judicial Notice, Head asks that the court take notice of three cases he believes are relevant to a legal issue that bears on his § 2255 motion in Case No. 2:08-cr-00116-KJM (*Head II*). In his Request for Judicial Notice and Resentencing, Head requests that the court take notice of Orange County Superior Court Hearing Minutes, in which Head withdrew his guilty plea for possession of an unregistered assault weapon, and in which the court dismissed Head's conviction and declared him "factually innocent." The court

---

extract data from twenty-nine computers, convert that data to PDF format, and then burn it onto DVDs for Head to review. *Id.* at 4–6. Third, Head requests funds for a licensed investigator to track down, interview, and obtain declarations or affidavits from two dozen witnesses he claims his trial counsel failed to interview. *Id.* at 6–7. All in all, Head expects these requests to cost $39,500. *Id.* at 7. The magistrate judge has denied similar requests on multiple occasions. *See, e.g.*, Orders, ECF Nos. 1671 & 919. In any event, Head has now filed both of his § 2255 motions. *See* ECF Nos. 1617 & 861.

**grants** all three motions to the extent that the court will review the filings in resolving Head's pending motions.  The court **denies** Head's request for resentencing as duplicative of his arguments for compassionate release.

This order resolves the following ECF Nos. in Case No. 2:08-cr-00093-KJM (*Head I*): 1619, 1620, 1625, 1631, 1633, 1634, 1656, 1657, 1689, 1747, 1751, and 1771.  This order resolves the following ECF Nos. in Case No. 2:08-cr-00116-KJM (*Head II*): 883, 884, 902, 903, 933, 963, 990, 996, and 1036.

IT IS SO ORDERED.

DATED:  June 2, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE