UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:08-cr-116-KJM |
| Plaintiff, | ORDER |
| v. | |
| Charles Head, et al., | |
| Defendants. | |

Charles Head led two large and sophisticated schemes that defrauded financially vulnerable homeowners out of tens of millions of dollars. On May 30, 2013, after a 16-day trial, a unanimous jury found Head guilty of conspiracy to commit mail fraud and four counts of mail fraud. *See* May 30, 2013 Hr'g Mins., ECF No. 770; *Head I* Verdict,[1] ECF No. 773. This trial focused on Head's alleged "foreclosure rescue" scheme. *See* Superseding Indictment at 2, ECF No. 303. On December 2, 2013, after a separate 18-day trial, a unanimous jury found Head guilty of conspiracy to commit mail fraud and three counts of mail fraud. *See* Dec. 2, 2013 Hr'g Mins., ECF No. 459; *Head II* Verdict, ECF No. 463. This second trial focused on Head's alleged "equity stripping" scheme. *See* Superseding Indictment at 2, ECF No. 153. All in all, Head was convicted of seven counts of mail fraud and two counts of conspiracy to commit mail fraud.

---

[1] In this order, the court will continue the convention of referring to case number 2:08-cr-093-KJM as "*Head I*." The court will refer to case number 2:08-cr-116-KJM as "*Head II*."

1

1        On September 11, 2014, this court sentenced Head to 210 months for his conviction in *Head I*, and 210 months for his conviction in *Head II*. *See Head I* J. and Commitment, ECF No. 983; *Head II* J. and Commitment, ECF No. 583. The court ordered that the sentences run consecutively for a total of 420 months. *See Head I* J. and Commitment at 3; *Head II* J. and Commitment at 3. The court also ordered Head to pay a total of $17,097,950.47 in restitution. *See Head I* Am. J. at 6, ECF No. 1191 ($9,534,240.21); *Head II* Am. J. at 6, ECF No. 653 ($7,563,710.26).

Head appealed his *Head II* conviction on September 16, 2014. *See* Not. Appeal, ECF No. 586. He argued that the Fifth Amendment's prohibition against Double Jeopardy precluded his trial in *Head II* because the conspiracies alleged in *Head I* and *Head II* were identical. *See* Opening Br. at 8, Opp'n Ex. 1, ECF No. 871-1. On June 27, 2017, the Ninth Circuit rejected this argument, affirming Head's conviction and sentence. *See generally* Ninth Cir. Mem., ECF No. 838.

Head now asks this court to vacate, set aside, or correct his sentence in *Head II* under 28 U.S.C. § 2255.[2] *See generally* Mot. Vacate, ECF No. 861. In doing so, he makes the same argument he made on direct appeal. The government opposes, arguing Head's Double Jeopardy claim is barred under the "law of the case" doctrine. *See* Opp'n at 3, ECF No. 871.

/////

---

[2] Head's motion appears to be untimely. As noted, the Ninth Circuit affirmed Head's conviction in *Head II* on June 27, 2017. Head did not file a petition for writ of certiorari with the Supreme Court. Thus, Head's conviction became final ninety days after June 27, 2017, i.e., on September 25, 2017, and the one-year statute of limitations began to run. *See* 28 U.S.C. § 2255(f)(1) (prisoner must bring § 2255 motion to vacate within one year of date on which judgment of conviction becomes final); *Bowen v. Roe*, 188 F.3d 1157, 1158–59 (9th Cir. 1999) (holding period of direct review "includes the period within which a petitioner can file a petition for writ of certiorari from the United States Supreme Court"); Sup. Ct. R. 13(1) (petition for writ of certiorari seeking review of judgment of United States court of appeals must be filed within 90 days after court of appeals' decision issues). Because Head did not file this petition until November 13, 2018—more than one year after his conviction became final—his petition is time-barred under 28 U.S.C. § 2255(f)(1). However, the government takes the position in its opposition that the petition is timely, *see* Opp'n at 3, and has therefore waived this argument, *see Day v. McDonough*, 547 U.S. 198, 205, 209–10 (2006) (noting federal habeas statute of limitations bar is affirmative defense and not jurisdictional). The court reaches the merits.

"Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case." *Richardson v. United States*, 841 F.2d 993, 996 (9th Cir. 1988). As to motions made under § 2255, "[t]he law in [the Ninth] Circuit is clear that when a matter has been decided adversely on appeal from a conviction, it cannot be litigated again on a [§] 2255 motion." *Odom v. United States*, 455 F.2d 159, 160 (9th Cir. 1972) (citation omitted). Specifically, "[f]or the doctrine to apply, the issue in question must have been decided explicitly or by necessary implication in [the] previous disposition." *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000) (alteration in original; citation omitted).

In this case, the Ninth Circuit explicitly rejected Head's Double Jeopardy argument on direct appeal. *See* Ninth Cir. Mem. at 5 ("[I]t did not violate the Double Jeopardy Clause for Charles Head to have been tried for conspiacy to commit mail fraud in *Head II*.").[3] Head's present motion relies on the same argument the Circuit rejected. As the government correctly explains:

> Not only did [Head] raise—and lose—the same claim that he now makes in his current motion on direct appeal, but he did so by making almost verbatim identical arguments. . . . [E]ven a passing review of [Head's] opening brief on direct appeal and his current Section 2255 motion show that [he] has simply transcribed what his lawyer previously argued to the Ninth Circuit and re-labeled it as a Section 2255 motion, occasionally replacing "appellant" with "movant" and removing some citations to Shakespeare. . . . The point is this: [Head] has crafted a motion under Section 2255 that simply adapts everything that his appellate lawyer already put before the Ninth Circuit, from the subheadings of the argument, to the cases cited in support, to the structure of how he addresses the five *Arnold* factors.

Opp'n at 4. Because the Ninth Circuit already considered and rejected the Double Jeopardy argument Head makes here, the law of the case doctrine applies, and Head's 2255 motion fails for that reason.

---

[3] Citation to this unpublished Ninth Circuit opinion is appropriate as provided by Ninth Circuit Rule 36-3(a), which states that "[u]npublished dispositions and orders of [the Ninth Circuit] are not precedent, except when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion."

In a supplemental filing submitted nine and a half months after the government filed its opposition, Head appears to argue that the Ninth Circuit's decision on direct review lacks preclusive effect on collateral review because the Ninth Circuit only reviewed for plain error. *See* Req. Judicial Not. at 1–2, ECF No. 903 (requesting this court take judicial notice of cases that are "relevant evidence concerning whether or not [a] plain error determination" on direct review "has a preclusive effect on collateral review . . . ."). Head points to two cases in this circuit: *United States v. Span*, 75 F.3d 1383 (9th Cir. 1996) and *United States v. Hayat*, No. 05-cr-0240, 2019 WL 176342 (E.D. Cal. Jan. 11, 2019), *R. & R. adopted in part, rejected in part*, No. 05-cr-240, 2019 WL 3423538 (E.D. Cal. July 30, 2019). The *Span* court did not discuss the law of the case doctrine and is therefore inapplicable. *See United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37–38 (1952) (prior decision is not binding precedent on issue neither "raised in briefs or argument nor discussed in the opinion of the Court"). As to *Hayat*, Head claims the court found that a plain error determination on direct appeal does not have preclusive effect on collateral review. *See* Req. Jud. Not. at 2–3. He misreads the court's decision. In *Hayat*, the magistrate judge did examine this question in her findings and recommendations, but declined to reach the issue. *See* 2019 WL 176342 at *49 ("Whether or not the law of the case doctrine is technically applicable, this court's determination is consistent with the Court of Appeals' analyses . . . .").

Contrary to Head's suggestion, the law of the case doctrine is subject to only three "limited" exceptions. *Old Person v. Brown*, 312 F.3d 1036, 1043 (9th Cir. 2002). Specifically, the law of the case doctrine does not apply if "'(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial.'" *Gonzalez v. Arizona*, 677 F.3d 383, 390 n.4 (9th Cir. 2012) (en banc) (quoting *Jeffries v. Wood*, 114 F.3d 1484, 1489 (9th Cir. 1997) (en banc)); *see also United States v. Jingles*, 702 F.3d 494, 503 n.3 (9th Cir. 2012) (noting some decisions have formulated exceptions differently but stating en banc court has consistently identified only three exceptions). None of these exceptions applies here.

/////

Because Head already made the same Double Jeopardy argument on direct appeal, and because the Ninth Circuit explicitly rejected it, the law of the case doctrine prohibits Head from relitigating the issue under § 2255. *See United States v. Scrivner*, 189 F.3d 825, 828 (9th Cir. 1999) ("In this case, Scrivner's Fifth Amendment claim was presented to [the Ninth Circuit] on direct appeal in *Scrivner I* and rejected on the merits. That decision is binding on our resolution of the case."); *United States v. Redd*, 759 F.2d 699, 700–01 (9th Cir. 1985) ("Redd raised this precise claim in his direct appeal, and this court expressly rejected it. Therefore, the claim cannot be the basis of a 2255 motion."); *United States v. Ortiz-Villalobos*, No. 02-cr-0213, 2007 WL 2727131, at *3 (E.D. Cal. Sept. 17, 2007), *Findings & Recommendations adopted*, 2007 WL 4260933 ("Because the Court of Appeals has already concluded that the evidence was sufficient to support movant's conspiracy objections, the sufficiency of the evidence cannot be relitigated in the context of a § 2255 motion."). His motion is therefore **denied**.

This order resolves ECF No. 861.

IT IS SO ORDERED.

DATED: June 7, 2022.

CHIEF UNITED STATES DISTRICT JUDGE