UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:08-cr-00116-KJM-AC |
| Plaintiff, | ORDER |
| v. | |
| Charles Head, et al., | |
| Defendants. | |

Charles Head is a federal prisoner proceeding pro se with a post-conviction challenge under 28 U.S.C. § 2255, *see* ECF No. 861, which the court denied, *see* Order, ECF No. 1045. Head now moves this court to reconsider that decision under Federal Rule of Civil Procedure 59(e) or, in the alternative, to issue a certificate of appealability. *See* Mot. Recons., ECF No. 1052; Reqs. Cert. Appeal., ECF No. 1054 & 1057. Head also has filed an application to proceed in forma pauperis. *See* Req. Leave, ECF No. 1053; Appl. to Proceed IFP, ECF No. 1056. The court addresses Head's motions below.

I.   **MOTION TO RECONSIDER**

A Rule 59(e) motion "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Head does not present this court with new evidence or point to an intervening

1   change in controlling law.  Rather, he avers "that there is a manifest error of law as well as a
2   manifest injustice present." Mot. Recons. at 2.  In making this argument, Head rehashes the same
3   arguments the court explicitly rejected in ruling on his § 2255 motion, and he briefly asserts a new
4   argument that he could have raised in his § 2255 motion. *See generally id.*  It is well-established
5   that "[a] party seeking reconsideration must show more than a disagreement with the Court's
6   decision, and recapitulation . . . of that which was already considered by the Court in rendering its
7   decision." *Le v. Sandor*, No. 14-1464, 2014 WL 5305894, at *1 (E.D. Cal. Oct. 15, 2014) (internal
8   quotation marks and citation omitted); *see also Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (in
9   ruling on motions for reconsideration under Rule 59(e), "courts will not address new arguments or
10  evidence that the moving party could have raised before the decision issued") (citations omitted).
11  The court **denies** Head's motion for reconsideration.

12  **II.    CERTIFICATE OF APPEALABILITY**

13          Head also requests the court issue a certificate of appealability.  *See* Reqs. Cert. Appeal.,
14  ECF No. 1054 & 1057.  For the court to do so, Head must adequately demonstrate that the issues
15  presented by this case may be "debatable among jurists of reason," could be resolved differently
16  by another court, or are "adequate to deserve encouragement to proceed further." *Jennings v.*
17  *Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893
18  (1983)).  A certificate of appealability may issue "only if the applicant has made a substantial
19  showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The certificate of
20  appealability must "indicate which specific issue or issues satisfy" the requirement.  28 U.S.C.
21  § 2253(c)(3).

22          Head has not demonstrated entitlement to a certificate of appealability here.  He raises two
23  grounds for relief in his § 2255 motion.  Head first asserts an ineffective assistance of counsel
24  claim, *see* Mot. at 4, for which he provides his entire argument in one sentence:  "Counsel failed
25  to raise [a] meritorious double jeopardy claim," *id.*  Head also directs the court to "see [his]
26  attached supporting brief." *Id.*  Head's 28-page supporting brief never mentions his counsel's
27  performance.  Rather, the brief focuses exclusively on his second, related claim: that his second
28  prosecution violated the Double Jeopardy clause.  *See generally* Suppl. Br., ECF No. 861-1.

Taken together, the core of Head's § 2255 motion centers on whether he has a meritorious Double Jeopardy claim.

As the court stated in its prior order, "[b]ecause the Ninth Circuit already considered and rejected the Double Jeopardy argument Head makes here, the law of the case doctrine applies, and Head's 2255 motion fails for that reason." Order at 4; *see also United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (a court's "[f]ailure to apply the doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of discretion"); *In re Rainbow Mag., Inc.*, 77 F.3d 278, 281 (9th Cir. 1996) (law of the case "doctrine states that the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case." (citation omitted)).

The court also observed that the law of the case doctrine is subject to only three "limited" exceptions. *See* Order at 4 (citing *Old Person v. Brown*, 312 F.3d 1036, 1043 (9th Cir. 2002)). Specifically:

> the law of the case doctrine does not apply if "'(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial.'" *Gonzalez v. Arizona*, 677 F.3d 383, 390 n.4 (9th Cir. 2012) (en banc) (quoting *Jeffries v. Wood*, 114 F.3d 1484, 1489 (9th Cir. 1997) (en banc)); *see also United States v. Jingles*, 702 F.3d 494, 503 n.3 (9th Cir. 2012) (noting some decisions have formulated exceptions differently but stating en banc court has consistently identified only three exceptions).

*Id.* at 4–5. None of the three exceptions applies here. Head's sole argument to the contrary is that the Ninth Circuit's decision on direct review lacks preclusive effect on collateral review because the Ninth Circuit only reviewed his double jeopardy claim for plain error. *See generally* Mot. Cert., ECF No. 1057. *But see United States v. Jingles*, 702 F.3d 494, 504 (9th Cir. 2012) (holding district court properly denied petitioner's § 2255 motion because prior decision on direct appeal, reviewed only for plain error, was law of the case).[1]

---

[1] To the extent Head preserved an independent argument that trial counsel was ineffective for failing to raise a Double Jeopardy claim, the court again notes the Ninth Circuit addressed Head's Double Jeopardy argument on direct appeal and found no plain error. *See* Ninth Cir.

3

Head has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Head's request for a certificate of appealability is **denied** as to both claims.

### III.    IN FORMA PAUPERIS

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see also* Fed. R. App. P. 24(a)(3). The good-faith standard is an objective one, and good faith is demonstrated when an individual seeks appellate review of a non-frivolous issue. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). For the reasons explained above and in the court's June 8, 2022 order, the court finds Head's proposed appeal is not taken in good faith. The court thus **denies** Head's motion to proceed in forma pauperis. Head may seek authorization from the Ninth Circuit to proceed in forma pauperis under Federal Rule of Appellate Procedure 24(a)(5).

This order resolves ECF Nos. 1052, 1053, 1054, 1056 & 1057.

IT IS SO ORDERED.

DATED: September 6, 2022.

CHIEF UNITED STATES DISTRICT JUDGE

---

Mem. at 5, ECF No. 838 ("[I]t did not violate the Double Jeopardy Clause for Charles Head to have been tried for conspiracy to commit mail fraud in Head II."). Because Head did not establish he was prejudiced by his second trial, he cannot succeed on his ineffective assistance of counsel claim. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004) (applying *Strickland* prejudice standard to the "affecting substantial rights" inquiry in the context of plain error); *see also Close v. United States*, 679 F.3d 714, 720 (8th Cir. 2012) ("[The] standard for prejudice under *Strickland* is virtually identical to the showing required to establish that a defendant's substantial rights were affected under plain error analysis.") (citations omitted).