1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    THE UNITED STATES OF AMERICA,                No. 2:08-cr-00093-KJM

12                          Plaintiff,             No. 2:08-cr-00116-KJM

13           v.

14    CHARLES HEAD,                                 ORDER

15                          Defendant.

16

17         Defendant Charles Head moved for compassionate release under 18 U.S.C.

18   § 3582(c)(1)(A)(i) in the two cases captioned above.  *See* Mot. Vacate, ECF No. 1734,

19   No. 2:08-CR-00093-KJM (*Head I*); Mot. Vacate, ECF No. 975, No. 2:08-CR-00116-KJM

20   (*Head II*).  On June 7, 2022, this court denied both of defendant's motions in a single order.

21   *Head I* Order, ECF No. 1792; *Head II* Order, ECF No. 1044.  On June 21, 2022, defendant filed

22   an appeal of this order to the Ninth Circuit in *Head I*.  *Head I* Not. ECF No. 1798.  This appeal

23   was processed and is pending in the Ninth Circuit (case number 22-10154).  However, this appeal

24   and corresponding notice did not include the case number for *Head II*.  *See id.*  Defendant contends

25   this omission was "[a] mere oversight or excusable neglect by a defendant proceeding pro se."  *Head I*

26   Mot. at 2, ECF No. 1825.  On September 15, 2022, Head filed a separate notice of appeal in *Head II*.

27   *Head II* Not., ECF No. 1063.

1

1    Defendant now moves this court to construe his notice of appeal in *Head I* to include the case

2    number for *Head II*.  *See Head I* Mot. at 2; *Head II* Mot. at 2, ECF No. 1065.   Additionally,

3    defendant asks the court to deem his appeal filing date in *Head II* as June 21, 2022, when he filed his

4    appeal in *Head I*.  *Id.*  Finally, defendant requests the Ninth Circuit process and join his appeal in

5    *Head I* with his appeal in *Head II*.  *See Head I* Mot. at 2–3; *Head II* Mot. at 2–3.  For the reasons

6    below, the court denies the motion in both cases for lack of jurisdiction.

7    Federal courts are courts of limited jurisdiction and, until proven otherwise, cases lie

8    outside the jurisdiction of the court.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375,

9    377 (1994).  Lack of subject matter jurisdiction may be raised sua sponte by the court. *See* Fed. R.

10   Civ. P. 12(h)(3); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583–84 (1999).  Once

11   a defendant files a notice of appeal, the district court lacks jurisdiction to consider any further

12   motions.  *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 402,

13   74 L. Ed. 2d 225 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance

14   —it confers jurisdiction on the court of appeals and divests the district court of its control over

15   those aspects of the case involved in the appeal.").

16   Here, plaintiff filed his motion in *Head I* on September 21, 2022, over two months after

17   filing his notice of appeal on June 21, 2022.  Similarly, plaintiff filed his motion in *Head* II on

18   September 21, 2022, five days after filing his notice to appeal on September 16, 2022.

19   For the reasons, the motion is **denied.**

20   This order resolves ECF No. 1825 in case number 2:08-CR-00093-KJM and ECF

21   No. 1065 in case number 2:08-cr-00116-KJM.

22   IT IS SO ORDERED.

23   DATED:  October 18, 2022.

24

CHIEF UNITED STATES DISTRICT JUDGE

2