UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>CHARLES HEAD,<br><br>      Defendant. | No. 2:08-CR-093-KJM<br><br>No. 2:08-CR-116-KJM<br><br><br>ORDER |

   In December 2013, a jury convicted defendant Charles Head of multiple counts of mail fraud and conspiracy to commit mail fraud in two related criminal cases. *See* Case Nos. 2:08-cr-093-KJM (Head I) and 2:08-cr-116-KJM (Head II). This court sentenced him in both cases on September 3, 2014, to a total term of 420 months imprisonment, a term he is now serving. Head I, ECF No. 977; Head II, ECF No. 581. The court also ordered $9,534,240.21 and $7,563,710.26 in restitution respectively, with installment payments to begin immediately through the Bureau of Prisons ("BOP") Inmate Financial Responsibility Program (IFRP). Head I, ECF No. 1191 at 6; Head II, ECF No. 653 at 7. In 2018, defendant moved this court to reduce his restitution payments, Head I, ECF No. 1567; Head II, ECF No. 840, and the court denied this request, Head I, ECF No. 1576; Head II ECF No. 843. Defendant again asks this court to modify

his restitution schedule and "permit him to pay 50% of his prison employment earnings or $25 per quarter, whichever is greater." Mot. at 1, Head I, ECF No. 1838, Head II, ECF No. 1081 (Mot.) at 1. The government opposes, Head I, ECF No. 1848, Head II, ECF No. 1078 (Opp'n), and defendant has not replied. As explained below, the court **denies** defendant's request.

## I. DISCUSSION

The court may, in its discretion, alter a defendant's agreed-upon restitution payment schedule if the defendant experiences a material change in economic circumstances. 18 U.S.C. § 3664(k). However, judicial efficiency can be achieved, and "practical difficulties" avoided, when courts allow the BOP to "independently [] develop voluntary financial plans through the IFRP," allowing "BOP to respond immediately to an inmate's changing financial circumstances." *United States v. Lemoine*, 546 F.3d 1042, 1050 (9th Cir. 2008). Here, defendant argues he has experienced a material change in economic circumstances because he now resides in a facility without an inmate work program and his father can no longer provide him with financial assistance. Mot. at 2.; Head I, ECF No. 1839; Head II, ECF No. 1073 (Decl.). Thus, defendant argues, he can no longer pay the $240 monthly payment determined through the IFRP program,[1] and asks this court to modify his payment schedule. *See generally* Mot.

The court denies defendant's request. Defendant's argument, at its core, is that his monthly restitution payment, determined by the BOP, is too high in light of his updated financial circumstances. *See generally* Mot. The BOP is best suited to reevaluate and update this amount through its IFRP reviews, which "are conducted at least once every 180 days." Opp'n at 3; Inmate Financial Plan ¶ 17. These reviews allow the BOP to use its "institutional expertise and resources to create voluntary, flexible financial plans as evolving conditions dictate." *Lemoine*, 546 F.3d at 1050. The government itself observes that a review of defendant's finances in February 2023 would have likely led the BOP to recalculate defendant's monthly payments to "approximately $96.00." Opp'n at 2–3. Additionally, the BOP has notified the court it will prepare an updated

---

[1] Although defendant lists his currently monthly payment as $230, the government brief, as well as an attached Inmate Financial Plan signed by defendant, indicates the monthly payment amount is $240. Opp'n at 2; Opp'n Ex. 1 (Inmate Financial Plan) at 17, Head I, ECF No. 1848–1; Head II, ECF No. 1078–1.

IFRP for defendant once the court rules on this motion. Inmate Financial Plan ¶ 17. If, after exhausting his remedies through the IFRP program directly, defendant still wishes to challenge the restitution schedule to which he is being held, defendant may file a petition under 28 U.S.C. § 2241. *Lemoine*, 546 F.3d at 1044.

Defendant also argues the BOP should not consider any outside financial help he receives when it determines his monthly restitution payment because, he says, the amount should be based only on defendant's own ability to pay. Mot. at 3. "But [] regulations implementing the Inmate Financial Responsibility Program [] payment . . . provide that restitution payments may be made from both "institution resources" or "non-institution (community) resources." *United States v. Vega*, No. 04-0413, 2007 WL 1655229, at *2 (W.D. Wash. June 6, 2007), (quoting 28 C.F.R. § 545.11(b)). To the extent defendant is receiving outside assistance, the BOP may consider that assistance in calculating restitution payment amounts.

## II.  CONCLUSION

For the reasons above, the court **denies** defendant's request.

This order resolves Head I, ECF No. 1838, and Head II, ECF No. 1081.

IT IS SO ORDERED.

DATED: April 12, 2023.

CHIEF UNITED STATES DISTRICT JUDGE